UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**CYNTHIA ANN MARTELLARO**,

Debtor.

Case No. **08-60408-13**

## *MEMORANDUM of DECISION*

At Butte in said District this 1st day of December, 2008.

The Chapter 13 Trustee's Objection, filed August 25, 2008, to Proof of Claim No. 5 filed by Chase Home Finance, LLC ("Chase") is pending in this Chapter 13 bankruptcy on the grounds the claim is overstated by $350.00 for "attorney fees for filing proof of claim, reviewing plan, and filing request for special notice," which the Trustee argues is not authorized under Montana law, MONT. CODE ANN. ("MCA") § 71-1-320, because a foreclosure has not been commenced. The Trustee's Objection was scheduled for hearing on October 9, 2008. At the hearing the Standing Chapter 13 Trustee Robert G. Drummond of Great Falls, Montana, and counsel for Chase, Martin S. King of Missoula, Montana, agreed to submit the Trustee's Objection on stipulated facts and briefs, which were filed on October 20, 2008, and have been reviewed by the Court along with the applicable law. This matter is ready for decision. For the reasons set forth below, the Court overrules the Trustee's Objection and allows Chase's attorney's fees in Proof of Claim No. 5 in accordance with Montana law and its published decision, *In re Ransom*, 361 B.R. 895, 901-02 (Bankr. D. Mont. 2007).

This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Allowance

1

of Chase's claim against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

## FACTS

The Stipulation of Facts between the Trustee and Chase filed on October 20, 2008, set forth the following agreed facts:

> 1. This stipulation relates to the Chapter 13 Bankruptcy Case of Cynthia Anne Martellaro filed in the United States Bankruptcy Court on April 14, 2008 and converted to a case under Chapter 13 on June 17, 2008.
>
> 2. This stipulation relates to the Trustee's Objection to Claim listed as No. 37 on the Court's docket and the response to the Objection to Claim filed by Chase Home Finance listed as docket No. 49.
>
> 3. The parties stipulate and agree that the Court should take judicial notice of Proof of Claim No. 5, filed by Chase Home Finance, pursuant to Federal Rule of Evidence 201 (a) and Federal Rule of Evidence 201(d).
>
> 4. The parties stipulate and agree that Chase Home Finance has not commenced any foreclosure seeking to foreclose its interests in the property owned by the Debtor, Cynthia Anne Martellaro.
>
> 5. The parties stipulate and agree that Chase Home Finance has included post petition attorneys' fees for filing its Proof of Claim, reviewing the Chapter 13 Plan, and filing a Request for Special Notice in the amount of $350.00 in its proof of claim. The fees on the proof of claim do not include foreclosure fees and costs.

Chase's Proof of Claim No. 5 is in the total amount of $189,785.56, which includes the $350 in attorney fees to which the Trustee objects. No disputed issue of fact exists that Chase is an oversecured creditor[1]. Claim No. 5 includes the Deed of Trust which evidences the Debtor's residence to secure the debt to the lender.

At page 4 the Deed of Trust states at paragraph 7: "If . . . there is a legal proceeding that

---

[1] Claim No. 5 does not list the value of Chase's security. Debtor's amended Schedule A lists the value at $190,000, leaving Chase oversecured, if not by much.

may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy) . . ., the Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property . . . ." At page 7, in paragraph 18 entitled "Foreclosure Procedure", the Deed of Trust authorizes the lender to "invoke the power of sale and any other remedies permitted by applicable law", and entitling the lender "to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees. . . ."

## DISCUSSION

The law on objections and allowance of claims is well settled in the Ninth Circuit and this Court. This Court discussed the applicable law governing the burden of proof for allowance of claims in *In re Eiesland*, 19 Mont. B.R. 194, 208-09 (Bankr. D. Mont. 2001):

> A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. F.R.B.P. 3001(f). The Ninth Circuit recently explained the general procedure for allocating burdens of proof and persuasion in determining whether a filed claim is allowable in *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000):
>
>> A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014.
>
>> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir.

> BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.
>
> * * * *
>
> "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.

> *See also Knize*, 210 B.R. at 778; *Matter of Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part*, 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993).

Thus, the Bank's Proof of Claim No. 2 is *prima facie* evidence of the validity and amount of its claim under Rule 3001(f), and the Debtor has the burden of showing sufficient evidence and to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (quoting *Holm*). This Court finds that Eric, as the objecting party, has not produced sufficient evidence to cause the burden to revert to the Bank to prove the validity and amount of its claim. *Lundell*, 223 F.3d at 1039 (quoting *In re Consol. Pioneer*, 178 B.R. at 226).

The analysis under *Lundell* was reiterated by the Ninth Circuit in *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002). Applying this analysis to the instant contested matter, the Trustee has the initial burden to overcome the *prima facie* effect of the validity and amount of Chase's Proof of Claim No. 5 under Rule 3001(f). The Court concludes that the Trustee failed to satisfy his initial burden.

The Trustee objects to the $350 in attorney fees included in Chase's Proof of Claim No. 5 because they are barred by a provision of Montana's Small Tract Financing Act ("STFA"), § 71-

4

1-320. The Trustee maintains in his brief that the "issue is not one of whether the fees may be included in the Proof of Claim, the issue is one of whether the attorney's fees may be charged prior to the commencement of a foreclosure. MCA § 71-1-320 is not ambiguous." The Trustee argues that Chase's interests are subject to the STFA, that its $350 in claimed attorney fees are not allowed under Montana law, and Proof of Claim No. 5 should be denied to the extent it includes those fees.

Chase contends that case law allows it to include its attorney fees in its proof of claim, including postpetition attorney fees incurred up to the date of the filing of the proof of claim, citing *Atwood v. Chase Manhattan Mort. Co., (In re Atwood)*, 293 B.R. 227 (9th Cir. BAP 2003), *In re Ransom*, 361 B.R. 895, 902 (Bankr. D. Mont. 2007), and *In re Llewellyn*, 2008 WL 1820906, *5 (Bankr. D. Mont.). Chase argues that it properly disclosed the pre- and postpetition charges for attorney fees, and that the $350 for filing its Proof of Claim No. 5, reviewing Debtor's plan and progress of the case, and filing the request for special notice was reasonable, particularly since the Objection was served only on the payment address and not on an officer of Chase. Chase contends that its attorney fees are reasonable under 11 U.S.C. § 506(b) and provided under paragraph 7 of the Deed of Trust as part of whatever is necessary to protect its interest in the property including an action in bankruptcy.

Chase's right to attorney fees and costs is based on § 506(b), which was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) ("BAPCPA") to add a reference to "State statute":

> To the extent that an allowed secured claim is secured by property the value of which after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest

5

on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

§ 506(b).

A creditor is entitled to attorneys' fees if (1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement. *Kord Enterprises II v. Cal. Comm. Bank (In re Kord Enterprises II)*, 139 F.3d 684, 687, 689 (9th Cir. 1998). The Trustee's Objection does not allege or show that Chase's claim is not an allowed secured claim, except for the $350 in postpetition attorney fees included. No contention is made before the Court that Chase is not oversecured, or that the fees are not otherwise reasonable or are not provided for under the agreement. Paragraphs 7 and 18 of the Deed of Trust provide for Chase to recover amounts it paid to protect its interest, including reasonable attorney fees incurred invoking its remedies "permitted by applicable law."

In *Atwood*, the BAP noted that the secured claim holder has the burden of proving the reasonableness of its fee claim under § 506(b), and that once a party objects pointing out the missing essential element, the requirement of reasonableness "requires some evidence on that question." *Atwood*, 293 B.R. at 233. In the instant case Chase provided its explanation on the attachment to Proof of Claim No. 5, that the $350 fee was for: "Attorney fees for filing proof of claim, reviewing plan and filing request for special notice." Since the Trustee failed to object or argue that the $350 fee is not reasonable, the Court finds that Chase has not failed to satisfy its burden of proving the reasonableness of its fee claim.

In *Ransom*, this Court, citing *Atwood*, wrote:

> [A] creditor may be able to disclose all postpetition fees and costs to the date of
> the filing the proof of claim. The creditor however must be careful to properly

6

>disclose the pre- and postpetition fees by including documentation and an itemization to establish the reasonableness of such fees and costs.

*Ransom*, 361 B.R. at 902.

Considering Chase's attachment to Proof of Claim No. 5, the Court finds that it constitutes adequate documentation and itemization to support the $350 fee under *Ransom*, especially since the Trustee's Objection is not based on the reasonableness of the fee request but rather on MCA § 71-1-320, which provides:

>**Trustees' fees and attorneys' fees**. Reasonable trustees' fees and attorneys' fees to be charged to the grantor in the event of foreclosure by advertisement and sale shall not exceed, in the aggregate, 5% of the amount due on the obligation, both principal and interest, at the time of the trustee's sale. If prior to the trustee's sale the obligation and the trust indenture shall be reinstated in accordance with te provisions of 71-1-312, the reasonable trustees' fees and attorneys' fees to be charged to the grantor shall not exceed the lesser of $1,000 or 1% of the amount due on the obligation, both principal and interest, at the time of default. In no event shall trustees' fees and attorneys' fees be charged to a grantor on account of any services rendered prior to the commencement of foreclosure.

This Court wrote in *Ransom*:

Pursuant to MCA §§ 71-1-312 and 71-1-320, when a debtor cures a note obligation secured by a trust indenture through the provisions of 11 U.S.C. § 1322(b)(3) and (e), the creditor is only allowed to recover reasonable fees in an amount not to "exceed the lesser of $1,000 or 1 % of the amount due on the obligation, both principal and interest, at the time of default. In no event shall . . . attorneys' fees be charged to a grantor on account of any services rendered prior to the commencement of foreclosure." MCA § 71-1-320. Consequently, the reasonable fees, allowed by MCA § 71-1-320 when reinstatement occurs, as it does when a cure of the default is accomplished under MCA § 71-1-312 and 11 U.S.C. § 1322(b)(3) and (e) would be limited to the lesser of 1 % or $1,000 of the amount of principal and interest due on the obligation.

\* \* \* \*

The Court further notes pursuant to MCA § 71-1-320 a creditor in a nonjudicial foreclosure may not charge the debtor attorneys' fees that exceed in

7

> the aggregate with the trustee's fee an amount in excess of 5 % of the amount due on the obligation at the time of the trustee's sale, including both principal and interest.

*Ransom*, 361 B.R. at 901-02.

The Court in *Ransom* "does adopt the statutory limitations imposed by MCA § 71-1-320 for creditor's attorneys who are requesting fees in a proof of claim involving a foreclosure under the Small Tract Financing Act of Montana." *Ransom*, 361 B.R. at 902. The Court disallowed the stated fees for failure to submit a fee application, and because "the stated amounts egregiously exceed the fees allowed by statutory limitation." *Id.* at 903. *Ransom* remains good law in this District.

However, the plain language of MCA § 71-1-320 limits attorney fees "in the event of foreclosure by advertisement and sale". In the instant case the parties stipulate to the fact that Chase "has not commenced any foreclosure." Thus, under the stipulated facts no foreclosure by advertisement and sale is shown by the record, which is a crucial condition in the first sentence of MCA § 71-1-320. In interpreting Montana's statutes, the Court looks first to the plain meaning of the words used. *In re Maynard*, 2006 MT 162, ¶ 5, 332 Mont. 485, ¶ 5, 139 P.3d 803, ¶ 5. The Montana Supreme Court explained the "plain meaning" rule in *Western Energy Company v. State, Dept. of Rev.*, 1999 MT 289, ¶ 11, 297 Mont. 55, 58, ¶ 11, 990 P.2d 767, 769, ¶ 11:

> When we interpret a statute, our objective is to implement the objectives the legislature sought to achieve. *Montana Wildlife Fed'n v. Sager* (1980), 190 Mont. 247, 264, 620 P.2d 1189, 1199. The legislative intent is to be ascertained, in the first instance, from the plain meaning of the words used. *Boegli v. Glacier Mountain Cheese Co.* (1989), 238 Mont. 426, 429, 777 P.2d 1303, 1305. If the intent of the legislature can be determined from the plain meaning of the words used in the statute, the plain meaning controls and the Court need go no further

nor apply any other means of interpretation. *Phelps v. Hillhaven Corp.* (1988), 231 Mont. 245, 251, 752 P.2d 737, 741.

Where no foreclosure by advertisement and sale has been commenced, as in the instant case, the Court concludes under the plain meaning of MCA § 71-1-320 that it simply does not apply. Other statutes, however, do apply to a trust indenture under the STFA which specifically authorize Chase's claim for attorney fees. MCA § 71-1-305 provides in pertinent part: "A trust indenture is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provision of this part, in which the provisions of this part shall control." (Emphasis added); *see First Fed. Sav. & Loan Ass'n of Missoula v. Anderson* (1989), 238 Mont. 296, 300, 777 P.2d 1281, 1283.

The Trust Indenture attached to Chase's Proof of Claim No. 5 authorizes Chase at paragraphs 7 and 18 to protect its interests in the property, including in bankruptcy, and to "invoke the power of sale *and any other remedies permitted by applicable law.*" (Emphasis added). Since the Debtor commenced the case prior to Chase commencing any foreclosure proceeding, whether by power of sale or by judicial foreclosure, MCA § 71-1-320 never came into effect before the petition date, and does not now limit Chase's claim for attorney fees. In contrast, MCA § 71-1-222(4) describing judicial proceedings in foreclosure suits, specifically authorizes attorney fees and costs in bankruptcy for filing a proof of claim:

> (4) The one-action limitation in this section does not prohibit an act or proceeding:
>
> * * * *
>
> (n) relating to a proceeding in bankruptcy, including filing a proof of claim, to seek relief from an automatic stay and any other action to determine the validity of a debt or right or obligation secured by a mortgage;

9

\* \* \* \*

> r) to recover costs of suit, costs and expenses of sale, attorney fees, and other incidental relief in connection with any act or proceeding authorized in this subsection (4); . . . .

Courts generally avoid construing one provision in a statute so as to suspend or supersede another provision. *Rake v. Wade,* 508 U.S. 464, 471-72, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993); *Heuther v. District Court*, *Heuther v. District Court*, 2000 MT 158, ¶ 28, 300 Mont. 212, 220, ¶ 28, 4 P.3d 1193, 1198, ¶ 28 (concurring and dissenting opinion). The Montana Supreme Court wrote:

> When a statutory scheme has several provisions, a construction is to be adopted which will, if possible, give effect to all. Section 1-2-101, MCA. A statute dealing with a particular subject will control over a general statute which is inconsistent with it. Section 1-2-102, MCA, and *Mead v. MSB, Inc.*, (1994), 264 Mont. 465, 474, 872 P.2d 782, 788.

*Heuther,* ¶ 28.

Where foreclosure by advertisement and sale has not been commenced, this Court deems MCA § 71-1-222(4) as more specific to the facts of the instant case than MCA § 71-1-320, which under the Trustee's contentions would suspend or supersede the attorney fee provision of MCA § 71-1-222(4)(n) & (r) for filing a proof of claim or other proceedings in bankruptcy. Statutory construction canons require that "[w]here both a specific and a general statute address the same subject matter, the specific one takes precedence regardless of the sequence of the enactment, and must be applied first." *In re Padilla*, 222 F.3d 1184, 1192 (9th Cir. 2000). This Court declines to follow the Trustee's reasoning which runs contrary to basic statutory construction, and overrules the Trustee's objection because of the specific allowance of attorney fees allowed by statute, MCA § 71-1-222(4)(n) & (r).

10

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a).

2. Allowance of Chase's claim against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

3. The Trustee failed to satisfy his burden of proof to overcome the *prima facie* effect of Chase's Proof of Claim No. 5.

4. Chase's request for $350 for filing its proof of claim, reviewing Debtor's plan and filing request for special notice is reasonable and otherwise satisfies the requirements of 11 U.S.C. § 506(b).

5. MCA § 71-1-320, by its plain language, limits attorneys' fees "to be charged to the grantor in the event of foreclosure by advertisement and sale" and does not apply when foreclosure by advertisement and sale has not commenced.

6. MCA § 71-1-222(4)(n) & (r) authorize attorney fees to Chase relating to proceedings in this bankruptcy case, including for filing a proof of claim.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the Trustee's Objection, filed August 25, 2008 (Docket No. 37), to Proof of Claim No. 5 filed by Chase Home Finance, LLC.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana